UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-23696-CIV-SEITZ/SIMONTON

FELIX VELEZ,

      Plaintiff,

vs.

ALEXIM TRADING CORP.,

      Defendant
_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on the Defendant's Motion for Summary Judgment [DE-68]. Plaintiff's two count second amended complaint alleges a claim for unpaid overtime in violation of the Fair Labor Standards Act (FLSA) and a claim for retaliation in violation of the FLSA. Defendant moves for summary judgment on both counts arguing that Plaintiff is not covered by the FLSA. Because Defendant failed to raise the Motor Carrier exemption in its pleadings or during discovery, Defendant's motion is denied as to Count I. Defendant's motion is denied as to Count II because Plaintiff is covered by the retaliation provisions of the FLSA.

### I. Material Facts

Defendant is a cargo agent that provides integral cargo transportation services to and from any port in the world. (DE-70-2, ¶2.) Plaintiff was employed by Defendant as a driver of cargo trucks from December 13, 2007 to August 14, 2008. (DE-67, p. 20.) According to Defendant, during the time Plaintiff worked for Defendant, Defendant had five cargo trucks used to transport merchandise for delivery to national and international destinations. (DE-70-2 at ¶5.) All of the trucks had a gross vehicle weight in excess of 10,001 pounds. (*Id.* at ¶6.) During the relevant

time, Defendant owned one truck that had a gross vehicle weight of less that 10,001 pounds, which was not used by cargo truck drivers. (*Id.* at ¶7.) According to Plaintiff, on a regular basis he drove smaller trucks that he estimates weighed less than 10,000 pounds. (DE-67 at 20.)

While Plaintiff worked for Defendant he was instructed to punch in and out at the beginning and end of his work day. (DE-67 at 20.) The punch clock was located inside Defendant's facilities and was only accessible during business hours. (*Id.* at 21.) Plaintiff, however, sometimes delivered cargo after hours and was, therefore, unable to punch in and out for the time spent on his after hours deliveries. (*Id.*) Plaintiff complained to Defendant about the location of the punch clock and that the location prevented Plaintiff from being able to record all of his hours worked resulting in Plaintiff not getting paid for all of the hours he worked. (*Id.*) Plaintiff also complained that he was not being properly paid for the overtime that he worked. (*Id.*) A few weeks later, Plaintiff was terminated. (*Id.*) According to Defendant, Plaintiff was terminated because he displayed aggression towards another driver and was rude and disrespectful to his supervisors. (DE-64-1 at ¶5.) Thereafter, Plaintiff filed suit.

## II. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The

Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (*quoting Anderson*, 477 U.S. at 251-52)).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

### III. Discussion

*A. Defendant is Not Entitled to Summary Judgment on Plaintiff's Overtime Claim*

Defendant moves for summary judgment on Plaintiff's claim for unpaid overtime because Defendant asserts it is exempt from the FLSA's overtime provisions under the Motor Carrier Exemption, 29 U.S.C. § 213(b)(1). Plaintiff essentially asserts that Defendant has waived this defense because Defendant failed to raise the affirmative defense in its answer or in response to Plaintiff's interrogatories[1] and requests for admissions and Defendant never sought to amend its

---

[1] In response to the following interrogatory Defendant responded "N/A."

If you claim that Plaintiff is exempt from the overtime provisions of the Fair Labor Standards Act or that the Fair Labor Standards Act is inapplicable to Plaintiff or Defendant, identify by statutory, regulatory and case law citation the specific exemption

answer or to supplement its discovery responses. Plaintiff further argues that it wold be severely prejudiced if Defendant is allowed to raise the exemption at this stage of the proceedings given that discovery is closed and trial is set in February.

Generally, failure to plead an affirmative defense waives that defense. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1239 (11th Cir. 2010). In *Diaz v. Jaguar Restaurant Group, LLC*, 627 F.3d 1212, 1214 (11th Cir. 21010), the defendant failed to plead in its answer to an FLSA complaint the affirmative defense of an administrative exemption. The defendant never moved to amend its answer and never raised the exemption during discovery. The *Diaz* court found that this was a classic case of waiver and found that the district court had erred by permitting the issue to be raised at trial. *Id.* at 1215. Similarly, in this case, Defendant did not raise the Motor Carrier exemption in its answer and affirmative defenses, never moved to amend its answer, and never raised it during discovery. Consequently, Defendant cannot raise the exemption for the first time at the summary judgment stage. Accordingly, summary judgment is denied.

B. *Defendant is Not Entitled to Summary Judgment on Plaintiff's Retaliation Claim*

Defendant moves for summary judgment on Plaintiff's retaliation claim because Plaintiff is not covered by the FLSA's retaliation provisions. A claim for retaliation under the FLSA requires a showing that (1) the employee engaged in activity protected under the Act; (2) the employee subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action. *Wolf v. Coca-Cola Co.*, 200 F.3d

---

upon which you rely, describe the reason(s) you believe the exemption is applicable, indicate as part of your answer the factual bases for claiming such exemption and describe the records and documents upon which you rely in responding to this interrogatory.

1337, 1342-43 (11th Cir. 2000). Defendant argues that because Plaintiff is not covered by the FLSA, he cannot establish the first element of a retaliation claim.

The term "employee" is defined by the FLSA as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The retaliation section of the FLSA states that it is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215. Thus, on its face the retaliation provision of the FLSA would apply to Plaintiff. Furthermore, the exemption relied on by Defendant, 29 U.S.C. § 213(b)(1), is an exemption to the maximum hour requirements of the Act, not to other sections of the Act. Thus, based on the language of the statute, Plaintiff engaged in activity protected under the Act – complaining about the location of the punch clock and his resulting inability to properly record his time and receive proper compensation. Defendant's motion only addresses the first element of a claim for retaliation. Consequently, because the retaliation provision of the FLSA applies to Plaintiff, Defendant's Motion must be denied as to Plaintiff's retaliation claim.

Accordingly, it is hereby

ORDERED that Defendant's Motion for Summary Judgment [DE-68] is GRANTED in part and DENIED in part:

1. Defendant's Motion is granted as to Count 1 for unpaid overtime.

2. Defendant's Motion is denied as to Count 2 for retaliation.

DONE and ORDERED in Miami, Florida, this __7th__ day of ~~October~~ November, 2011.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record