**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 10-23696-CIV-SEITZ/SIMONTON

FELIX VELEZ,

       Plaintiff,

vs.

ALEXIM TRADING CORP.,

       Defendant

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES

    THIS MATTER is before the Court on the Defendant's Motion for Reconsideration of Motion for Summary Judgment and for Leave to Amend its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint [DE-75].  Defendant seeks reconsideration of the Court's Amended Order Denying Motion for Summary Judgment.  Plaintiff's two count second amended complaint alleges a claim for unpaid overtime in violation of the Fair Labor Standards Act (FLSA) and a claim for retaliation in violation of the FLSA.  The Court denied Defendant's motion for summary judgment as to Count I because Defendant had failed to raise the Motor Carrier exemption in its pleadings or during discovery and denied the motion as to Count II because Plaintiff is covered by the retaliation provisions of the FLSA.  Defendant now seeks reconsideration of the Court's decision regarding Count I.  Because Defendant failed to properly raise the Motor Carrier exemption in its pleadings or in its discovery responses the Motion for Reconsideration is denied.  However, the Motion for Leave to Amend is granted.

    Defendant moves for reconsideration on the grounds that Plaintiff has known about Defendant's intent to assert the Motor Carrier exemption since May 25, 2011.  At that time,

Defendant sent Plaintiff an email with attachments containing a Motion for Leave to Amend its Answer and Affirmative Defenses and a Proposed Amended Answer and Affirmative Defenses. Defendant, however, never filed the Motion for Leave to Amend. In the Motion for Reconsideration, Defendant states that the Motion for Leave to Amend and the Proposed Amended Answer and Affirmative Defenses "are not reflected in this Court's docket." There is only one reason for that – Defendant did not file them. In the Motion for Reconsideration, Defendant states that it has "*now discovered* that its Motion for Leave to Amend and its proposed Amended Answer and Affirmative Defenses are not reflected in this Court's docket, and that there was never a ruling on the issue." *See* DE-75, ¶5 (emphasis added). What Defendant fails to acknowledge is that it had a responsibility to monitor the docket in this matter and to be aware of the proceedings in this case. At the latest, Defendant should have discovered its failure to file the Motion to Amend when Defendant prepared its motion for summary judgment in August 2011. If Defendant discovered its failure then, it did nothing to correct it. Defendant's recent discovery of its failure to file a motion, that was to be filed in May, is inexcusable and Defendant has not offered any reason why it failed to discover this sooner.

Defendant also argues that, because Plaintiff has known about Defendant's intent to assert the Motor Carrier exemption, Plaintiff is not prejudiced. However, Defendant's intentions were not so clear. As set out above, after providing Plaintiff with the Motion for Leave to Amend and the Proposed Amended Answer and Affirmative Defenses, Defendant never actually filed the motion. Further, Defendant failed to supplement its discovery responses to disclose its reliance on the Motor Carrier exemption. Thus, at best, Defendant conveyed mixed messages to Plaintiff and, at worst, waived the defense.

2

Defendant further contends that Plaintiff consented to the issue by addressing it on summary judgment. However, in his initial response to the motion for summary judgment, Plaintiff primarily argued that Defendant had failed to meet its burden on summary judgment because Defendant had failed to present any supporting evidence. It was only after Defendant provided the supporting evidence in its reply and the Court permitted Plaintiff to file a surreply to address all of Defendant's newly submitted evidence that Plaintiff had the need to address the substance of Defendant's Motor Carrier exemption defense. Thus, Plaintiff did not impliedly consent to the issue.

Consequently, because Defendant has failed to properly raise the Motor Carrier exemption as a defense and has offered no reason for its extremely late recognition of its failure to do so, the Motion for Reconsideration is denied. However, because Federal Rule of Civil Procedure 15(b) states that leave to amend should be freely given, the Motion for Leave to Amend is granted. In order to avoid any possible prejudice to Plaintiff, Plaintiff may take any additional discovery necessarily related to the Motor Carrier exemption. Given the tight time-frame involved, if Defendant does not cooperate with Plaintiff in timely completing the additional discovery, the Court will strike Defendant's Amended Answer and Affirmative Defenses. Accordingly, it is hereby

ORDERED that Defendant's Motion for Reconsideration of Motion for Summary Judgment and for Leave to Amend its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint [DE-75] is GRANTED in part and DENIED in part:

1. The Motion for Reconsideration is DENIED.

2. The Motion for Leave to Amend is GRANTED. Defendant shall file its Amended Answer and Affirmative Defenses by **December 16, 2011.**

3.  Plaintiff may take additional discovery relating to Defendant's Motor Carrier exemption

defense.  All additional discovery must be completed by **January 23, 2012.**

DONE and ORDERED in Miami, Florida, this _14_ day of December, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record

4