**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 10-23696-CIV-SIMONTON**

**RAUL ESTRADA, et al.,**

    **Plaintiffs,**

**vs.**

**ALEXIM TRADING CORP.,**

    **Defendant.**
_____/

## ORDER GRANTING, IN PART,  MOTION FOR FEES AND COSTS AND DENYING CROSS-MOTION TO STRIKE

Presently pending before the Court is the Plaintiff's Motion for Award of Fees and Costs (DE # 101). The Defendant has filed a Response, which contains a cross-Motion to Strike (DE # 102), and the Plaintiff has filed a Reply (DE # 105).  This matter was referred to the undersigned United States Magistrate Judge for final disposition based upon the consent of the parties (DE # 100).  The undersigned has reviewed the record and, for the reasons stated below (a) grants, in part, the Plaintiff's Motion for Award of Fees and Costs, and awards the Plaintiff $23,509.40, which represents $22,351.00 in attorney's fees, and $1,158.40 in costs; and (b) denies Defendant's cross-Motion to Strike.

I.    **CASE BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Felix Velez[1] alleges that he was a cargo truck driver for Defendant Alexim Trading Corp. ("Alexim"), which is a cargo agent (DE # 74).  Felix Velez brought his two-count Second Amended Complaint against Alexim for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 to 219 (the "FLSA") (DE # 39).  Under Count I, Plaintiff complains that he worked an average of five hours per week of overtime without being

_____

[1] The only remaining claims for attorneys' fees concern Plaintiff Felix Velez since the other original Plaintiffs have already settled their claims.

paid at the proper overtime rate.  Velez also asserts that Defendant failed to keep proper time records, as required by the FLSA.  Under Count II, Velez seeks damages for retaliation, alleging that he was terminated from his employment after he complained of the overtime violations.  In his Statement of Claim, Plaintiff Velez initially reported $6,260.80 in "Lost Wages," $22,084.80 in "Difference in Pay," and $722.40 in "Unpaid Overtime" (DE # 4 at 5).

In Defendant's Amended Answer and Affirmative Defenses (DE # 80), Defendant denies that Plaintiff is entitled to any relief.  Defendant asserts several affirmative defenses, including that it is exempt from overtime payments to Plaintiff under the FLSA due to the Motor Carrier Exemption, 29 U.S.C. § 231(b)(1) (DE # 80 at 2-3).  Additionally, in Defendant's Response to Plaintiff Velez's Statement of Claim, Defendant asserts that Velez was *over*paid $1,381.94 in 2008, never raised any complaint regarding his overtime wages, and was ultimately terminated for cause (DE # 19 at 4-5).

This case originally included the claims of several other Plaintiffs, which have all been settled (or remanded to state court).  The original Complaint was brought in Florida state court in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, General Civil Division, by Plaintiff Raul Estrada (DE # 1-2), and the First Amended Complaint (in state court) added Plaintiffs Gildardo Ramirez and Felix Velez (DE # 1-4). Defendant removed the case to this Court (DE # 1).  At a settlement conference, Plaintiffs Estrada, Ramirez and Marcial Ferreiro (who had filed a Notice of Consent to join the action, DE # 10) settled their FLSA claims – and Plaintiff Estrada's remaining worker's compensation claim was remanded to state court – leaving Plaintiff Velez's FLSA claim standing in the case (DE ## 22, 23).

Thereafter, Antonio Tobenus and Julio Mesias filed Notices of Consent to join Velez's action (DE ## 26, 27), and Plaintiffs filed the Second Amended Complaint, described above.  The Court required Statements of Claim from the newly added

Tobenus and Mesias (DE # 42), and a second settlement conference was held, at which Tobenus and Mesias settled their claims (DE ## 54, 57).  A subsequent mediation was unsuccessful (DE # 63), as was Defendant's Motion for Summary Judgment (DE # 74), and its related Motion for Reconsideration (DE # 79).  A couple weeks before the trial set in this case, the parties' settled Velez's claims, except for the matter of attorneys' fees and costs, which is now before the Court (DE # 100).

> II.   **ATTORNEYS' FEES**
>
> > A.   **The Parties' Positions**
> >
> > > 1.   **Plaintiff's Position**

At the outset, the Plaintiff states that he is entitled to his reasonable attorneys' fees and costs as a prevailing party under the provisions of the FLSA, and that Defendant has so stipulated.  Thus, Plaintiff continues, the only issue to resolve is the appropriate amount of fees and costs (DE # 101 at 1-2).

Accordingly, Plaintiff focuses on calculating the correct amount.  With regard to attorneys' fees, Plaintiff argues that the amount is determined by multiplying a reasonable hourly rate by the number of hours reasonably expended, with subsequent appropriate adjustments, based upon several factors.  In particular, Plaintiff argues that his success should be taken into consideration; he received a significant recovery, despite Defendant's assertion that Plaintiff's claims had no merit (DE # 105 at 7).  In addition, Plaintiff argues that Defendant was litigious, moving for summary judgment and reconsideration thereof, and amending its affirmative defenses after the discovery deadline (DE # 105 at 7).

As for the total number of hours expended, Plaintiff attaches to his Motion his billing records, which he argues "is evidence of considerable weight" in determining the number of reasonable hours.  The records total 109.60 hours of attorney time and 31.50 hours of paralegal time (DE # 101 at 3-4).  While Ms. Gonzalez's time records fail to

specify the date on which tasks were conducted (only the month), Plaintiff contends that each of the identified tasks were conducted on a single day in a given month (DE # 105 at 5). Plaintiff's counsel rejects Defendant's contention that the entries represent duplicative billing, arguing, instead, that counsel has avoided duplicative billing opportunities by only recording one timekeeper's time for activities involving multiple timekeepers (DE # 105 at 6).

With regard to a reasonable hourly rate, Plaintiff seeks a rate of $450.00 for Lawrence J. McGuinness, Esq., $300.00 for Juliana Gonzalez, Esq., and $90.00 for a paralegal's work. In support of these rates, Plaintiff asserts that Mr. McGuinness has handled over 500 FLSA claims in 22 years, and that Ms. Gonzalez began practicing law in Colombia in 2002, and in Florida in 2008. Plaintiff calculates the requested fees at the rates and hours above and arrives at $45,630.00 as a total (DE ## 101 at 5-7; 105 at 4). Responding to Defendant's contention that the requested rates are too high, Plaintiff asserts that cases cited by Defendant that awarded lower rates are out of date (being two or three years old) (DE # 105 at 4). Responding to Defendant's objection as to Ms. Gonzalez's rate, counsel states that she has served as lead counsel in trial about a half-dozen times and has acted as second chair in about 15 other trials in two years (DE # 105 at 5).

As a procedural matter, Plaintiff asserts in his Reply that counsel conferred with defense counsel regarding the Motion sufficient to satisfy the conferral requirement of S.D. Fla. L.R. 7.1(a)(3). Specifically, Plaintiff contends that conferral regarding the matters raised in the Motion began and continued through settlement negotiations, and included a follow-up exchange with Defendant after the Motion, itself, had been drafted and provided to defense counsel (DE # 105 at 1).

Thus, Plaintiff seeks a fees award totaling $45,630.00.

4

2.      **Defendant's Position**

Defendant seeks to strike or, alternatively, significantly reduce the amount of requested fees and costs, due to perceived procedural defects and substantive issues (DE # 101 at 1, 3).  At the outset, Defendant takes issue with the disparity between the estimate of fees represented to Defendant during settlement negotiations, and those sought by Plaintiff in his Motion.  Defendant points out that, as a material term of the settlement, Defendant retained the right to contest the amount of fees and costs because the Court had made no finding as to liability (DE # 102 at 2).  Defendant complains that Plaintiff's expected total request for attorneys' fees, represented to Defendant near the time of settlement, was significantly less than the amount of fees requested in Plaintiff's Motion.  Specifically, Defendant claims that Plaintiff represented during settlement negotiations, possibly as an inducement to settle, that Plaintiff's expected attorneys' fees through that time would be about $21,000.00, and that fees estimated shortly thereafter (as stated in the Joint Pretrial Stipulation) was $25,000.00 to 35,000.00 (DE # 102 at 1-2).  Defendant states that its decision to settle was a business decision, not an admission of liability, since Defendant believes its case was "relatively strong."  Defendant further states that, had Plaintiff represented the approximate request of $45,000.00 during settlement talks, "Defendant may well not have settled this matter" (DE # 102 at 2-3).

As a procedural matter, Defendant also complains that Plaintiff failed to confer with Defendant regarding his Motion, as required by S.D. Fla. L.R. 7.1 (DE # 102 at 2).  While Plaintiff asked for comment on the Motion, Defendant contends, no meaningful conferral took place, beyond Defendant's questioning why the requested amount was significantly greater than the amount represented during settlement negotiations (DE # 102 at 4).  For Plaintiff's alleged multiple procedural failures, Defendant argues that the Motion should be stricken, or the amount requested significantly reduced (DE # 102 at 4-5).

On the merits, Defendant objects to the rate calculations.  Defendant takes issue with the allegedly unreasonable rates sought by the attorneys.  Defendant contends that Mr. McGuinness, himself, recently requested a rate of only $350.00 in another FLSA case. Defendant points out that Plaintiff's counsel have presented no evidence for the rates they seek, and Plaintiff's counsel have the burden to do so (DE # 102 at 6-7).  Based upon cases citing alternative rates, Defendant suggests that a rate of $325.00 for Mr. McGuinness and $175.00 for Ms. Gonzalez is more appropriate (DE # 102 at 7).

Defendant also objects to the presented time entries.  First, Defendant argues that Plaintiff has failed to provide sufficient detail of counsel's time entries in order for Defendant and the Court to properly analyze their reasonableness.  Specifically, Defendant seeks summary detail  and, with respect to Ms. Gonzalez, the dates (as opposed to only the months) for billed activities (DE # 102 at 7-8).  Second, Defendant asserts that Plaintiff's counsel does not appear to have used "billing judgment" in reviewing the invoiced activities perhaps, in part, because of a contingency agreement with Plaintiff that would allegedly make a careful review of invoices by Plaintiff's counsel less likely.  Accordingly, Defendant seeks a blanket 30% reduction for "Plaintiff's potential overstatement and otherwise suspicious billing practices" (DE # 102 at 9).

Next, Defendant presents additional criticisms of counsel's billing methods. Specifically, Defendant objects to Plaintiff's use of "block billing," which allegedly groups together disparate activities and prevents a careful analysis of the time devoted to each.  Defendant performs an analysis of counsel's time records, which Defendant attaches to its Response, and argues that Plaintiff's request should be reduced by $12,300.00 due to block billing (DE # 102 at 9).  Finally, Defendant argues that the fees request should be reduced by $3,954.00 for unrecoverable administrative tasks and $10,671.00 for redundant, excessive or otherwise unnecessary billing (DE # 102 at 9-10).

Defendant's total suggested reductions would result in 36.4 hours for Mr. McGuinness, 30.2 for Ms. Gonzalez, and 5.0 for a paralegal, totaling $17,565.00 in fees. With an additional 30% reduction for "potential overstatement and otherwise suspicious billing practices," Defendant arrives at a total of $12,295.50 for fees (DE # 102 at 10-11).

### B. Entitlement to Fees

Title 29 U.S.C. § 216(b) authorizes a prevailing plaintiff in an FLSA case to recover attorneys' fees and costs. In order to be a prevailing plaintiff, a plaintiff must only "obtain some relief on the merits of his claim," which can arise from a judgment on the merits as well as a favorable enforceable settlement agreement. *See Buckhannon Bd. and Care Home, Inc., v. West Virginia Dept. of Health and Human Services*, 532 U.S. 598, 604 (2001) (finding prevailing party where plaintiff obtained relief through consent decree or judgment, since both are "court ordered changes in the legal relationship between the plaintiff and the defendant"); *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (in 42 U.S.C. § 1983 action, stating that a plaintiff can be a prevailing party by obtaining judgment or comparable relief through a consent decree or settlement); *see Texas State Teachers Ass'n v. Garland Independent School District*, 489 U.S. 782, 792 (1989); *Maher v. Gagne*, 448 U.S. 122, 129 (1980).

In this case, the Court referred all remaining matters to the undersigned for resolution, noting that the parties stated at the hearing held before the Court on February 1, 2012, that they had settled Plaintiff Velez's claims (DE # 100). The Defendant further states that Plaintiff has obtained a $9,000 payment from Defendant to settle his claims (DE # 102 at 3). Thus, Plaintiff has obtained monetary relief in exchange for settling his claims through a formal settlement. In addition, although Defendant's Response disputes whether Plaintiff is entitled to any fees based upon procedural arguments, the Defendant does not dispute that the Plaintiff is a prevailing party in this action.

Therefore, the undersigned finds that the Plaintiff is entitled to recover his reasonable attorney's fees and costs as the prevailing party.

### C.   Procedural Challenges to Plaintiff's Motion for Fees

Defendant's Response includes a Motion to Strike, which seeks to strike Plaintiff's Motion based upon various procedural failures.  Specifically, Defendant states that, due to Plaintiff's failure to adhere to Southern District of Florida Local Rule 7.1(a)(3), Plaintiff's Motion should be stricken.  Defendant raises additional arguments that are procedural in nature, that the undersigned considers below.[2]

### 1.   Pre-Filing Conferral

First, Defendant moves to strike based upon Plaintiff's failure to adhere to the pre-filing conference requirement of Southern District of Florida Local Rule 7.1(a)(3).  In his Motion, Plaintiff certifies that he conducted a pre-filing conference (DE # 101 at 8).  Plaintiff also states that negotiations regarding an appropriate fee award originally began during settlement negotiations of Plaintiff's claims (DE # 105 at 1).  Defendant, on the other hand, states that the parties had not yet "meaningfully" conferred (DE # 102 at 4).  Specifically, Defendant asserts that the parties had exchanged emails regarding the alleged increase in fees requested from the time of settlement to the time of the Motion, but had not yet otherwise conferred regarding the fees sought in the Motion.

Southern District of Florida Local Rule 7.1(a)(3) provides that failure to confer "may" provide cause for denial of a Motion or other action.  In this instance, the undersigned declines to exercise this discretion.  While the undersigned regularly encourages parties to narrow their disputes prior to seeking relief from the Court, the parties' filings make clear that some good faith discussions regarding attorneys' fees had already taken place, and that the disparity between the parties' positions was

---

[2] Alternative to striking the Motion, Defendant seeks to significantly reduce the requested fees award, as described in greater detail later in this Order.

significant.  Thus, while additional discussions could have been marginally fruitful, the undersigned finds it expedient at this stage to deny Defendant's Motion to Strike on this basis in order to consider other procedural challenges or move on to the merits of Plaintiff's Motion.

2.      Disparity Between Estimated and Requested Fees

Defendant also moves to strike Plaintiff's Motion due to the alleged disparity between Plaintiff's estimated fees, as represented during settlement negotiations, versus the fees requested in Plaintiff's Motion.  Defendant does not explicitly identify this argument as a procedural challenge to Plaintiff's Motion but, nonetheless, argues that Plaintiff's request for more than $45,000.00 is "improper" where counsel days earlier allegedly represented that fees were about $21,000.00 (DE # 102 at 1).  Plaintiff does not respond to this argument.

At the outset, the undersigned recognizes a general policy that protects the confidentiality of statements exchanged during settlement negotiations.  *See, e.g.,* *Bedoya v. Aventura Limo. & Transp. Serv., Inc.*, No. 11-24432-CIV, 2012 WL 1828066, at *16 (S.D. Fla. May 16, 2012) (making reference to the "strong policy in favor of the confidentiality of the medium of the settlement negotiation itself").  This general policy promotes parties' openness to engaging in discussions to effectively and efficiently resolve their own disputes.  Thus, absent a showing as to why the Court should stray from a general policy of protecting statements exchanged during settlement negotiations, the Court will not consider representations regarding matters made for purposes of settlement.

In this case, Defendant simply states that Plaintiff's actions are "improper."  In addition, while Defendant complains that it entered into a settlement based upon an understanding of estimated attorneys' fees, Defendant does not go so far in its Motion as to claim that, therefore, no settlement is in effect.  Relatedly, Defendant has not sought

9

relief from the Court to set aside the parties' settlement or otherwise reevaluate the parties' settlement agreement.  Thus, on the record before the Court, this case has settled, and the parties have remaining for the Court's resolution the appropriate amount of attorney's fees.  Any settlement representations will not be considered in determining the amount of fees owing Plaintiff's counsel.  Therefore, to the extent Defendant's Motion to Strike seeks to strike Plaintiff's Motion based upon these alleged changes in estimated fees, the Motion is denied.  The undersigned, however, can consider Plaintiff's representation as found in the Joint Pretrial Stipulation, which states that the estimated amount of fees due to Plaintiff as a prevailing party would be $25,000.00 to $30,000.00 (DE # 88 at 5).

### 3.    Attorney Gonzalez's Billing Records

As an apparent procedural challenge to the billed hours documented by Ms. Gonzalez, Defendant asserts that, because the billing records list activities by month instead of by day, the records "suggest that [Ms. Gonzalez] may not have kept contemporaneous time records."  Defendant seems to request as relief that the "Court should be advised of this fact and should reduce the amount of Ms. Gonzalez's attorney's fees…accordingly" (DE # 102 at 8).  Plaintiff responds that there is no requirement to identify tasks by day (as opposed to month) in the records presented to the Court, and that the tasks identified in Ms. Gonzalez's records were each performed on a given day.  Plaintiff further represents that daily records are available but have not been provided.

The undersigned finds that counsel's decision to submit monthly records do not necessarily preclude a review of Ms. Gonzalez's time.  As described below, however, counsel shoulders the burden of providing records sufficient to determine reasonable hours expended.  In this respect, as relevant to the discussion in the section below analyzing reasonable hours expended, any analysis of Ms. Gonzalez's time is

complicated by the way in which she has kept and provided records.  While Plaintiff has

offered to present additional documentation, those records are not before the Court.

Nonetheless, the records provided do not wholly preclude the Court's analysis.  Thus,

while the relief Defendant seeks with regard to this issue is unclear, to the extent that

Defendant moves to strike Ms. Gonzalez's requested fees based upon the records

presented, the Motion to Strike is denied.  To the extent Defendant simply seeks to

reduce hours "accordingly," the undersigned is uncertain, beyond the general analysis

of reasonable hours expended that is presented below, as to the relief Defendant seeks;

and, thus, the Motion to Strike is denied on that basis as well.

### D.    The Lodestar Method of Calculating Reasonable Attorneys' Fees

Under the lodestar method applied by the courts in the Eleventh Circuit, attorneys'

fees are calculated by multiplying a reasonable hourly rate by a reasonable number of

hours expended.  *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.

1988).  The Plaintiff bears the burden of documenting reasonable hours expended and

reasonable hourly rates.  *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).  The Plaintiff

must also supply detailed evidence of the hourly rates and time expended so that this

Court may properly assess the time claimed for each activity.  *See Barnes*, 168 F.3d at

427.

Thus, the Court may review the hourly rate and attorney time for reasonableness

based on the 12 so-called "*Johnson* factors," including (1) the time and labor required,

(2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal

service properly; (4) the preclusion of other employment by the attorney due to the

acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or the circumstances; (8) the amount involved

and the results obtained; (9) the experience, reputation and ability of the attorneys; (10)

the "undesirability" of the case; (11) the nature and length of the professional

relationship with the client; and (12) awards in similar cases. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340–41 (11th Cir.1999) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974)).

1.     Reasonable Hourly Rate

This Court must first determine whether the fee applicant has satisfied the burden of establishing that his requested hourly rates are reasonable.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299.  With respect to the issue of hourly rates, this Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303.

In the Plaintiff's Motion for Award of Fees and Costs, the Plaintiff requests that the Court compensate Mr. McGuinness at an hourly rate of $450.00, Ms. Gonzalez at an hourly rate of $300.00, and a paralegal at an hourly rate of $90.00 (DE # 101 at 7).  In support of these rates, as noted above, Plaintiff briefly describes the experience of these attorneys and reject the cases cited by Defendants (awarding lower rates) as being out of date.  Plaintiff further states that the prevailing hourly rate for attorneys who handle FLSA cases in this market ranges from $300.00 to $550.00.  Plaintiff adds that the Court's past experience is the most important factor in setting an hourly rate that fully compensates attorneys who have been effective advocates (DE # 101 at 6).

Defendant challenges counsel's requested rates (DE # 102 at 6-7).  At the outset, Defendant claims that Plaintiff has the burden of establishing the appropriate hourly rate and has failed to carry this burden.  Specifically, Plaintiff's counsel has filed no affidavit and has provided no other evidence for the claim that the prevailing rate ranges from $300.00 to $550.00, including any case law.  Instead, Defendant asserts, relevant local

case law suggests the range is from $300.00 to $350.00 for the most experienced attorney on a given FLSA case.  In addition, Defendant contends that Plaintiff's counsel has provided no proof that any of counsel's clients has ever paid counsel at this rate.  In fact, Defendant continues, Mr. McGuinness, himself, requested an hourly rate of $350.00 in a motion for fees decided in July 2010 (citing *Machado v. Da Vittorio, LLC*, No. 09-23069-CIV, 2010 WL 2949618 (S.D. Fla. July 26, 2010)).   With regard to Ms. Gonzalez, Defendant suggests a significantly lower rate is appropriate, citing a case in which a junior attorney on an FLSA case with one year more of experience in the Florida Bar than Ms. Gonzalez was awarded $137.50 as an hourly rate.  In conclusion, Defendant contends that hourly rates of $325.00 for Mr. McGuinness and $175.00 for Ms. Gonzalez are appropriate (DE # 102 at 6-7).  Defendant does not challenge the requested hourly rate of $90.00 for a paralegal's time.

At the outset, the undersigned notes that Plaintiff has the burden of establishing a reasonable rate, and Plaintiff has failed to establish that the requested rates are reasonable.  At most, the Motion and Reply simply establish the respective experience levels attributable to Plaintiff's counsel.  Counsel's unsubstantiated claim of a prevailing rate ranging from $300.00 to $550.00 is unavailing.  Moreover, counsel fails to justify their respective positions in this wide range, other than, presumably, their reference to their experience levels.  To the extent Plaintiff's counsel addresses adverse case law raised by Defendant, the undersigned is not persuaded by counsel's response that the cited cases are a couple years old, along with the conclusory statement that "[it] is reasonable to expect that Mr. McGuinness's hourly rate is now higher than then," especially given the current legal market conditions.

Thus, the Court turns to its own experience to determine reasonable hourly rates.  With regard to Mr. McGuinness, Defendant suggests an hourly rate of $325.00.  As the undersigned noted in *Brandt v. Magnificent Quality Florals Corp.*, 2011 WL 4625379, No.

13

07-20129, at *8 (S.D. Fla. Sept. 30, 2011), this particular rate (which was uncontested in *Brandt*) is at "the upper end of reasonableness" for an experienced lead counsel in an FLSA case in this market.  In suggesting this rate, however, Defendant appears to accept this rate as reasonable for Mr. McGuinness, who is admittedly an experienced lead attorney in FLSA matters.  The undersigned finds no basis for adjusting the suggested rate in favor of Mr. McGuinness; the case did not raise unusual issues for an FLSA case, nor did the case otherwise appear to present atypical circumstances.  Thus, although at "the upper end of reasonableness," the undersigned finds the hourly rate of $325.00 reasonable under the circumstances of this case for the work of Mr. McGuinness.

Defendant further suggests an hourly rate of $175.00 for Ms. Gonzalez.  Neither party focuses on her reasonable rate; Plaintiff describes her experience, and Defendant makes passing reference to an award of $137.50 for a junior attorney on another FLSA case.  Thus, Plaintiff has not carried his burden to justify an award at the rate of $300.00, while Defendant has cited authority in support of awarding an attorney of comparable experience less than $175.00 per hour.  Based upon the Court's own knowledge and experience, as well as a review of the cited authorities, the undersigned agrees with Defendant that the rate of $175.00 per hour falls within a reasonable range of rates for attorneys with Ms. Gonzalez's skills and experience who serve as a junior attorney on a case, whereas $300.00 per hour is outside a reasonable range.  While Plaintiff contends that Ms. Gonzalez has served as lead counsel on a half-dozen FLSA cases, she apparently served in a junior capacity in this case.  Therefore, the undersigned will award fees for Ms. Gonzalez at the hourly rate of $175.00, which is appropriate for junior attorneys in FLSA matters.  *See, e.g.*, *Rodriguez v. Super Shine & Detailing, Inc.*, No. 09-23051-CIV, 2012 WL 2119865, at *3 (S.D. Fla. June 11, 2012) (awarding junior attorneys on an FLSA case hourly rates of $150.00 and $175.00).

Finally, Plaintiff requests an hourly rate of $90.00 for the work of a paralegal, and Defendant has not objected.  Based upon the Court's own knowledge and experience, the undersigned finds that an hourly rate of $90.00 falls within the range of reasonable rates for paralegal work in this market.  Thus, noting that Defendant has not objected to this rate, the undersigned will award fees for paralegal work at the hourly rate of $90.00.

### 2.   Reasonable Hours Expended

The Court must next determine whether the number of hours spent on the matter by counsel is reasonable.  Counsel must use "billing judgment" when requesting attorney's fees and must exclude "excessive, redundant, or otherwise unnecessary" hours from any fee petition, irrespective of their skill, reputation, or experience.  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Barnes*, 168 F.3d at 427.  Although the party requesting attorney's fees must submit evidence sufficient to allow the court to determine that the requested fees are reasonable, "objections and proof concerning hours that should be excluded must be specific and reasonably precise."  *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301).  In addition, "when a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

The Plaintiff herein requests fees for 141.1 hours of legal work performed in this matter, which includes the work of two attorneys – Lawrence J. McGuinness and Juliana Gonzalez – and the work of a paralegal.  In his Motion, while Plaintiff provides time records of the timekeepers and cites authority for determining the reasonable number of hours expended, Plaintiff makes no explicit claim as to whether the hours expended in this case were reasonable – only that they were, indeed, expended.  In his Reply, however, Plaintiff asserts that counsel used billing judgment to avoid excessive, redundant or otherwise unnecessary hours by, in particular, only billing one

timekeeper's time for activities involving multiple timekeepers (DE # 105 at 5-7).  Plaintiff further highlights in his Reply that the settlement amount represented a successful outcome because it was more than half of the total damages sought while Defendant had denied any entitlement to damages.  Finally, Plaintiff contends in his Reply that the amount of hours is reasonable because Defendant was "litigious"; Defendant moved (unsuccessfully) to include Plaintiff in a second settlement conference, moved (unsuccessfully) for summary judgment and (unsuccessfully) for reconsideration thereof, and had moved to amend its affirmative defenses after discovery expired, which Plaintiff opposed (DE # 105 at 7).

In opposition, the Defendant seeks a 30% reduction in hours requested, describing Plaintiff's billing records as representing a "potential overstatement and otherwise suspicious billing practices," due to the failure of the records to identify the specific days (as opposed to months) on which Ms. Gonzalez performed activities, and the failure of Plaintiff to support a claim that counsel exercised billing judgment (DE # 102 at 7-9).  More specifically, Defendant attaches to its Response an analysis of Plaintiff's billing records to argue that Plaintiff inappropriately includes block billing in his counsel's records, time for non-billable administrative tasks and, again, redundant billing of certain activities (DE # 102 at 9-10).  In sum, Defendant requests that counsel's hours be significantly reduced, for non-compensable activities; and then, again, reduced by 30% for potential overstatement and suspicious activities.  Defendant contends that the Plaintiff should be permitted to recover no more than $12,295.50 in attorney's fees.

While a party has a right to attorney's fees incurred in the successful prosecution of his claims under the FLSA, 29 U.S.C. § 216, the courts have a corresponding duty to make sure that such an award is reasonable.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983) (noting that reasonableness is the bedrock upon which the determination

of the amount of attorney's fees rests). The determination of exactly what amount of fees to award is vested in the sound discretion of the Court.

At the outset, the Court notes that the Defendant has identified specific billing entries as being duplicative, excessive, block-billed, or administrative in nature.  Thus, the Defendant has raised sufficiently specific and reasonably precise objections to the Plaintiff's fee request for the undersigned to consider.  *Barnes*, 168 F.3d at 428.  In addition, the Court has independently and carefully reviewed the billing records submitted by the Plaintiff to determine whether the amounts sought are reasonable.

Based upon a review of the record as a whole, for the reasons below, the undersigned concludes that the number of hours spent litigating this matter by Plaintiff's counsel  should be reduced by 30%.  The undersigned finds evidence in the billing records of the deficiencies Defendant highlights and uses a review of the highlighted entries (and others) as a basis for this across-the-board reduction of the requested hours.

Defendant identifies several categories of inappropriate entries (DE # 102-7).  In particular, Defendant points to excessive billing.  For example, Defendant notes that Mr. McGuinness billed 18 minutes for "Receipt and review of Order allowing Sureply [sic]" on October 17, 2011.  The undersigned agrees that 18 minutes to review a half-page order allowing a sur-reply, indeed, appears excessive.  As a further example, Defendant points to 18 minutes billed to review Defendant's unopposed motion for an enlargement of time to respond to the statement of claim, after Plaintiff had already billed time for an email conferral regarding the extension.  This also appears excessive.

Moreover, as the undersigned reviews the attorneys' billing records, generally, (beyond simply those highlighted by defense counsel) the undersigned finds additional examples of excessively billed time.  For example, on January 14, 2011, Mr. McGuinness billed 18 minutes for "Receipt and review of Referral to Magistrate for Settlement

Conference."  This amount of time to review a two-page notice that is typically entered by the Court in FLSA cases is excessive, especially in light of counsel's familiarity with these cases.  In another instance, in October 2011, similar to Mr. McGuinness, Ms. Gonzalez billed 18 minutes to "Review Order allowing Sureply [sic]."  For the same reasons noted above, this appears excessive.  While the undersigned observes other instances, the above are two examples not noted by defense counsel.

As another category of inappropriate time entries, Defendant identifies what it finds to be billed hours for multiple timekeepers.  These entries primarily appear in connection with Defendant's motions for summary judgment and reconsideration thereof.  Time spent on the summary judgment motion appears on the billing records of both Mr. McGuinness and Ms. Gonzalez.  Defendant filed a Motion for Summary Judgment arguing that Plaintiff was an exempt employee under the FLSA's motor carrier exemption (DE # 64).  Plaintiff filed a Response (DE # 67), and Defendant filed a Reply (DE # 70).  Additionally, Plaintiff was *sua sponte* granted leave, and subsequently filed, a sur-reply (DE # 72).  Following the denial of its Motion for Summary Judgment, Defendant filed a Motion for Reconsideration (DE # 75), which Plaintiff responded to (DE # 76), and which was ultimately denied.  Upon a review of the time records, an approximate calculation of the hours Mr. McGuinness and Ms. Gonzalez spent on matters relating to the summary judgment motion and reconsideration motion appears to total more than 36 hours.  In the Court's experience, this amount of time for two attorneys to address the summary judgment matters at issue, given the facts of the case, appears excessive.

The undersigned further notes that the time spent by multiple timekeepers on these matters in this case should be considered in light of Plaintiff counsel's concurrent efforts to respond to a summary motion on similar grounds (regarding the motor carrier exemption) filed by the same Defendant in a separate but related case in this District (DE

# 102-3).[3]  Thus, the undersigned additionally considers whether efficiencies in time expended by counsel should have resulted from at least some overlap of work being conducted in both cases.  The undersigned finds that any efficiencies that may or should have resulted provide an additional basis for finding excessive more than 36 hours for two attorneys to address these matters in this case.

Defendant also challenges alleged "block billing."  As Defendant has identified them, several of these entries involve Mr. McGuinness's review of a given filed document and teleconference with the Plaintiff regarding the filed document.  The undersigned agrees with Defendant that the Court is unable to confidently determine whether the time billed is reasonable because of the nature of block billing; counsel's failure to separate these entries does not allow the Court to properly determine whether a reasonable amount of time was spent reviewing a particular filing, as opposed to conferring with Plaintiff about the filing.  Thus, Plaintiff fails to carry his burden of providing sufficient records to determine whether these entries are reasonable.  *Barnes*, 168 F.3d at 428.

Finally, in terms of specific challenges to categories of billed hours, Defendant asserts that some are non-compensable as administrative tasks.  Most of these appear in the time of the paralegal.[4]  For example, of the 31.5 hours claimed by the paralegal, Defendant identifies entries totaling between 2.1 to 8.1 hours (uncertainty due to alleged block billing) as administrative tasks.  Upon a review of the challenged entries, Defendant's objections are well-taken.  Many of the cited entries describe activities, such

---

[3] The undersigned notes that the Response filed by counsel to the Motion for Summary Judgment in that case, *Cedano v. Alexim Trading Corp.*, No. 11-20600-CIV, DE # 15 (Aug. 22, 2011), was filed on the same date as the Response in the case at bar, and is substantially identical.

[4] While the body of Defendant's Response does not take issue with the fees requested for the paralegal's work (either the rate of the paralegal or the hours requested), the annotations contained in the analysis of the time records of Plaintiff's paralegal, attached to Defendant's Response, make clear that Defendant objects to some of the paralegal's entries, as indicated.

as organizing or confirming dates and times with parties, that are typically administrative in nature.  Therefore, Plaintiff shall not be compensated at the rate of the paralegal for such tasks.

Thus, upon a review of the record as whole, the undersigned generally finds that the time billed by Plaintiff's counsel is excessive and includes some non-compensable time.  Accordingly, the Court has two choices:  conducting an hour-by-hour analysis, or applying an across-the-board cut.  *See Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).  The undersigned chooses to apply an across-the-board cut that considers the above entries as a sample of counsel's excessive billing and billing for non-compensable time; and, then, applies the results, generally, to the billing records of the attorneys and paralegal.  In determining an appropriate total number of hours for the entries highlighted above, the undersigned finds that a reduction in the requested hours results in an average reduction of the time claimed of approximately 30%.  Thus, using this analysis as a guide for determining an appropriate across-the-board cut, the undersigned finds appropriate a 30% across-the-board reduction in the total hours claimed by Plaintiff for the hours expended in this case.  Therefore, Plaintiff's claim of 141.1 hours expended by the attorneys and paralegal is reduced to 98.77 hours.  As the undersigned finds billing issues in the time records of all three timekeepers, the across-the-board cut shall be applied equally to each timekeeper.  Finally, the undersigned finds this reduction appropriate, despite Defendant's alleged "litigious" nature and the result Plaintiff achieved.

Thus, the undersigned concludes that the Plaintiff is entitled to recover attorney's fees for 98.77 hours, which consists of 46.27 hours for Mr. McGuinness, 30.45 hours for Ms. Gonzalez, and 22.05 hours for the paralegal.

### 3.    Calculating the Lodestar

Upon a thorough review of the record, including counsel's detailed billing records, the undersigned concludes that Plaintiff is entitled to recover the calculated lodestar total amount of $22,351.00, which represents $15,037.75 in fees for Mr. McGuinness, $5,328.75 in fees for Ms. Gonzalez, and $1,984.50 in fees for the work of the paralegal.

### E.    Adjustments to the Loadstar

#### 1.    Legal Standard

After calculating the lodestar, the Court may apply an across the board reduction to the lodestar where "the plaintiff achieved only partial or limited success." *Hensley*, 461 U.S. at 436.  In fact, the Supreme Court has stated that the degree of success obtained by the prevailing party is a "crucial factor that district courts should consider carefully in determining the amount of fees to be awarded." *Id.* at 440.  When making this reduction, the Court does not have to conduct an hour-by-hour analysis. *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994).  "[I]t is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction." *Id.*  This means that when a plaintiff obtains a result that is "limited in comparison to the scope of the litigation as a whole," it is appropriate for them to receive a reduced award of attorney's fees. *Id.*

While reduced fee awards are proper in many cases, "[f]ee awards should not simply be proportionate to the results obtained," especially in FLSA cases, as fee awards in FLSA cases are often greater than the amount recovered by the plaintiff.  *See James v. Wash Depot Holdings*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007).  This is to ensure "that individuals with small claims can obtain representation necessary to enforce their rights."  *Brandt*, 2011 WL 4625379, at *12.  However, although prevailing parties in FLSA actions are entitled to attorney's fees, "an entitlement to attorney's fees cannot be a carte blanche license for Plaintiff's to outrageously and in bad faith run up attorney fees

without any threat of sanction." *See Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1168-69 (S.D. Fla. 2003).

2.    Analysis

Defendant does not explicitly argue that any award for Plaintiff's counsel should be reduced based upon the relative success Plaintiff achieved.  Nonetheless, although not explicitly argued in Defendant's Response, the Court recognizes that the Defendant may be attempting to assert that the fee award should be reduced because the settlement in the Plaintiff's favor reflected a partial or limited success when compared to his original claim; Defendant states that Plaintiff settled for a "relatively low settlement value" (DE # 102 at 3).

The Court notes that, generally, courts that have reduced the lodestar due to a "partial or limited success" have reduced the lodestar only when the recovery was extremely limited in light of the plaintiff's original claim. *See, e.g., James*, 489 F. Supp. 2d at 1353.

In this case, as is typical in many FLSA cases, Plaintiff did not recover the total amount that he sought in his Statement of Claim because each party compromised a portion of their respective positions.  Moreover, the Plaintiff's recovery in the instant case is far greater than those cases where a plaintiff made extremely small recoveries that have warranted a reduction in the lodestar due to a prevailing plaintiff's "partial or limited success."  In *James*, the Court reduced the lodestar by 50 percent when the plaintiff originally requested $600,000 but only recovered approximately $3,500, less than half of one percent of his original claim. 489 F. Supp. 2d at 1351, 1353.  Similarly, in *Brandt*, the Court reduced the lodestar by 70 percent when the plaintiff originally requested $56,160 but only recovered $1,208.52, less than 3 percent of him original claim. 2011 WL 4625379, at *12.  In this case, Plaintiff recovered $9,000.00, where his original Statement of Claim totaled about $29,000.00.  This result does not justify a reduction.

Thus, the undersigned concludes that the lodestar should not be reduced based on the Plaintiff's recovery in this case.[5]

Based upon a determination of the reasonableness of the requested attorney's fees, the undersigned concludes that the Plaintiff is entitled to recover a total of $22,351.00 in attorney's fees.[6]

III.   **COSTS**

A.   **The Parties' Positions**

Plaintiff states in conclusory fashion that he is entitled to his costs as the prevailing party in this action, and that the taxable costs are identified by Fed. R. Civ. P. 54, 28 U.S.C. § 1920, and/or the Florida Rules of Civil Procedure (DE ## 101 at 2, 7; 105 at 2).  Plaintiff initially asserts that he is entitled to $1,236.40 in costs because the requested costs "fall into the recognized categories of taxable costs"  (DE # 101 at 7).  Aside from attaching invoices to the Motion for some of the costs, Plaintiff does not itemize these costs.  For the first time in his Reply, Plaintiff identifies some of the specific costs sought, and his justification for seeking such costs.

Plaintiff also acknowledges in his Reply that he is not entitled to reimbursement for mediation and, thus, reduces the requested cost amount above by $268.00, bringing the reduced total request to $968.40 (DE # 105 at 2).  As for deposition costs, Plaintiff asserts in his Reply that both depositions of Defendant's corporate representative were

---

[5] Defendant's Response also appears to seek a reduction of any fees award based upon Plaintiff's "potential overstatement and otherwise suspicious billing practices" (DE # 102 at 11).  Aside from other arguments to reduce hours set forth in the Response, however, Defendant does not provide any specific basis for a reduction in connection with this statement.  Thus, the undersigned does not consider any additional reduction based upon any such alleged activities.

[6] In the Joint Pretrial Stipulation (DE # 88 at 5), Plaintiff estimated that the attorneys' fees allowable to Plaintiff as a prevailing party would be approximately $25,000.00 to $30,000.00, and the estimated length of time for the trial was three days.  In this regard, the undersigned notes that Local Rule 16.1(e)(12) requires a party to estimate the maximum amount of allowable attorneys' fees that may be awarded if that party prevails.

necessarily obtained for use in the case – the first to learn of Defendant's asserted defenses to Plaintiff's claims, and the second to obtain testimony regarding a newly asserted motor carrier exemption affirmative defense.  Finally, Plaintiff seeks to recover the costs for the filing fee and service of process, contending that Defendant does not challenge these costs (DE # 105 at 3).

Defendant, first, challenges the cost requests procedurally.  Defendant argues that Plaintiff's conclusory request for costs should be stricken because Plaintiff fails to file a separate bill of costs and supporting memorandum justifying the costs, as required by S.D. Fla. L.R. 7.3.  With respect to specific costs, Defendant argues (a) as to deposition costs, that Plaintiff provides no basis for finding that the depositions were necessarily obtained for use in this case; and (b) mediation costs are unrecoverable. Thus, Defendant seeks to reduce the request for costs from $1,236.40 to $449.00 (DE # 102 at 5-6).

### B.   Legal Standard

Rule 54(d) of the Federal Rules of Civil Procedure states that prevailing parties are entitled to costs "unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise."  As a result, "there is a presumption that the prevailing party will be awarded costs."  *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). However, any costs awarded by a court pursuant to Rule 54(d) may not exceed the parameters of 28 U.S.C. § 1920.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).   Under 28 U.S.C. § 1920, the following may be taxed as costs:

(1)  Fees of the clerk and marshal;

(2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)  Fees and disbursements for printing and witnesses;

(4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of [Title 28 of the U.S. Code];

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1928 of [Title 28].

If the losing party challenges the requested costs, he has the burden of showing that the costs are not taxable unless "the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocadrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).

In addition, Southern District of Florida Local Rule 7.3(a), entitled "Motions for Attorneys Fees and/or Non-Taxable Expenses and Costs," states in relevant part:

A party shall seek costs that are taxable under 28 U.S.C. § 1920 by filing a bill of costs and supporting memorandum in accordance with paragraph 7.3(c) below. The costs and expenses sought in a motion under this paragraph shall not include any cost sought in a bill of costs.

Paragraph 7.3(c) requires that "[a]n application for a bill of costs must be submitted on form (or in form substantially similar to) AO 133."

C.   Legal Analysis

In order to be a prevailing party, one need only "obtain some relief on the merits of his claim." *Buckhannon Bd. & Care Home, Inc., v. West Virginia Dep't of Health & Human Servs.*, 532 U.S. 598, 604 (2001). In this case, the parties settled their dispute before trial, and Plaintiff received $9,000.00 (DE # 102 at 3). Similar to Defendant's position with regard to attorneys' fees, Defendant does not dispute that Plaintiff is the prevailing party for purposes of determining entitlement to costs.

Instead, Defendant emphasizes in its Motion to Strike that Plaintiff's failure to follow S.D. Fla. L.R. 7.3 requires that Plaintiff's Motion, as it concerns costs, be stricken in its entirety. Defendant asserts that Plaintiff has failed to adhere to these procedural requirements, and Plaintiff does not respond to this contention. Local Rule 7.3(a) requires that costs taxable under 28 U.S.C. § 1920 shall be sought by a party filing a bill

of costs in a specific form, or in a substantially similar form, along with a supporting memorandum, and Plaintiff has failed to do so.  Moreover, Plaintiff has failed to offer any explanation for his failure.

Nonetheless, Defendant does not argue that Plaintiff is not entitled to some costs pursuant to 28 U.S.C. § 1920.  Aside from this procedural argument regarding the form of application, the objections contained in Defendant's Response focus on the merits of a specific requested amount under § 1920's entitlement to costs.  Thus, for the undersigned to require Plaintiff at this juncture to re-file his request for costs using the proper application required by the Local Rules would be to elevate form over substance; the specification contained in the Motion is similar to the specified form; and, the parties agree that Plaintiff is entitled to some costs under § 1920, if not all of the requested costs.  Moreover, requiring a proper application would simply delay the resolution of this matter, where Plaintiff has already delayed action on his requested costs by not filing a proper bill of costs with the Clerk of the Court.[7]  Therefore, the undersigned denies Defendant's Motion to Strike on this basis.

The undersigned turns to an analysis of Defendant's other objections and the amount of costs appropriately taxed against Plaintiff.  At the outset, the undersigned notes that Defendant has requested that, if the Court awards costs despite the procedural deficiencies, that those costs be limited to $449.00 – the costs of the filing fee and service of process.  Since the propriety of those costs is clear and unchallenged, those costs are awarded without further discussion.  The challenged costs are addressed below.

### 1.  Deposition Costs

In his Reply, Plaintiff states that he seeks to recover "the costs he incurred for taking two depositions," arguing that they were necessary to the litigation (DE # 105 at

---

[7] A list of the requested costs is included in DE # 101-1 at p. 6.

3).  Plaintiff does not further specify what these costs consist of, although he attaches invoices to his Motion.  Defendant points out in its Response that, because the Motion contains no justification, Defendant is without a basis to challenge whether the deposition costs were necessarily incurred.

Defendant identifies from the invoices attached to the Motion $519.40 for costs relating to depositions.  This total appears to include the fees for the court reporter and an original transcript.  Defendant's total does not include an additional $190.00, which is comprised of two additional invoices that appear to be for interpreter services provided for the depositions (DE # 101-1 at 7, 8).

Defendant in his Response does not appear to take issue with any of the specific costs in the invoices related to the Defendant's depositions (other than, apparently, the interpreter's costs, by not including them in the total of related invoices).  Instead, Defendant argues that these costs should be disallowed because Plaintiff fails to offer any justification as to why they were necessary to the case.  Plaintiff has since provided such justification in his Reply.  While Plaintiff did not provide this justification in his Motion, Defendant has not sought leave or any other relief in order to respond to Plaintiff's justification for these costs.  Moreover, the undersigned notes that Defendant would be hard-pressed to argue that the depositions were not necessary to this case; the depositions were of Defendant's corporate representative, who is the only other party in this case.

As to the specific components of the deposition costs, they appear to consist of the court reporter fee and a fee for the original deposition transcripts.  These costs are taxable.  *See Rodriguez v. M.I. Quality Lawn Maintenance, Inc.*, No. 10-21031-CIV, 2012 WL 664275, at *4 (S.D. Fla. Feb. 9, 2012).  In addition, the undersigned notes that 28 U.S.C. § 1920(6) provides for compensation for interpreters' services.  Thus, the undersigned includes the $190.00 in costs for interpreter services with the $519.40 in

other deposition costs identified by the Defendant.  Therefore, the undersigned finds

appropriating taxing the fees for Defendant's depositions, which total $709.40.

2.    <u>Mediation</u>

While Plaintiff initially attached an invoice to his Motion for the cost of mediation,

the Plaintiff acknowledges that this cost is not taxable (DE # 105 at 2).  Thus, this cost

will not be taxed against Defendant.

IV.    <u>CONCLUSION</u>

Accordingly it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Award of Fees and Costs

(DE # 101) is **GRANTED, IN PART**.  As set forth in this Order, the Plaintiff is entitled to

recover $22,351.00 in attorney's fees and $1,158.40 in costs.  It is further

**ORDERED AND ADJUDGED** that Defendant's Cross-Motion to Strike (DE # 102)

is **DENIED**.

**DONE AND ORDERED** at Miami, Florida, this 26th day of September, 2012.

_____
*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record via CM/ECF

28